1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JOSEPH ROBINSON,                      No.  CIV.S-04-1888 GEB DAD PS

12          Plaintiff,

13      v.                                ORDER

14  STATE OF CALIFORNIA, et al.,

15          Defendants.

16  _____/

17          This 42 U.S.C. § 1983 action is before the court on

18  defendants Plumas County; Greg Hagwood; James Reichle; Jeff Cunan;

19  and Gary McGowan's[1] motion to dismiss pursuant to Federal Rule of

20  Civil Procedure 12(b)(6).  For the reasons explained below,

21  defendants' motion to dismiss will be granted and plaintiff's amended

22  complaint will be dismissed with leave to amend.

23  /////

24  _____

25      [1]  These are the only remaining defendants in this action.
    Defendants State of California; Ira Kaufman; William Pangman; Garrett
    Olney; and Doug Prouty have been dismissed by earlier order of the
26  district court.  (See Order filed January 21, 2005.)

                                    1

1          **LEGAL STANDARDS**

2    A motion to dismiss pursuant to Rule 12(b)(6) of the

3 Federal Rules of Civil Procedure tests the sufficiency of the

4 complaint.  See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d

5 578, 581 (9th Cir. 1983).  Dismissal of the complaint or of any claim

6 within it "can be based on the lack of a cognizable legal theory or

7 the absence of sufficient facts alleged under a cognizable legal

8 theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th

9 Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749

10 F.2d 530, 534 (9th Cir. 1984).

11    In considering a motion to dismiss for failure to state a

12 claim, the court accepts as true all material allegations in the

13 complaint and construes those allegations, as well as the reasonable

14 inferences that can be drawn from them, in the light most favorable

15 to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73

16 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

17 In a case where the plaintiff is pro se, the court has an obligation

18 to construe the pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026,

19 1027 n.1 (9th Cir. 1985)(en banc).  However, the court's liberal

20 interpretation of a pro se complaint may not supply essential

21 elements of a claim that are not pled.  Pena v. Gardner, 976 F.2d

22 469, 471 (9th Cir. 1992); Ivey v. Bd. of Regents of Univ. of Alaska,

23 673 F.2d 266, 268 (9th Cir. 1982).

24            **ANALYSIS**

25    At the time defendants filed their motion to dismiss the

26 operative pleading in this case was plaintiff's original complaint.

In response to defendants' motion plaintiff, who is proceeding pro se, filed an amended complaint, which he was entitled to do.  See Fed. R. Civ. P. 15(a).[2]  While in some instances the filing of an amended pleading moots a motion to dismiss, such is not the case here.  As explained below, plaintiff's amended complaint does not cure the deficiencies detailed in defendants' motion.  Therefore, the undersigned has considered defendants' motion to dismiss as directed at plaintiff's amended complaint.[3]  See Schwarzer, Tashima and Wagstaffe, Federal Procedure Before Trial, ¶ 9:262 (The Rutter Group 2004)("An amended complaint supersedes the prior complaint as a pleading.  Thus, the court will usually treat the motion to dismiss

/////

---

[2]   Under Federal Rule of Civil Procedure 15(a) "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ...."  A motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a).  Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000); Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir. 1995).  "Neither the filing nor granting of such a motion before answer terminates the right to amend ...."  Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)(quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986))(internal quotations omitted).  Thus, plaintiff is entitled to proceed on his amended complaint, which supercedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

[3]   Following the hearing on defendants' motion, plaintiff filed a second amended complaint without leave of court.  That second amended complaint was stricken from the record.  (See Order filed January 20, 2005.)  On June 9, 2005, plaintiff filed another second amended complaint and on June 10, 2005, he filed a notice of motion to filed that second amended complaint, noticing the hearing for July 8, 2005.  However, as of June 9, 2005, a second amended complaint was not yet authorized.  Therefore, although plaintiff now will be granted leave to file a second amended complaint, the second amended complaint filed on June 9, 2005, will be stricken from the record.  Further, plaintiff's motion for leave to file his complaint will denied as moot and the hearing on that motion will be vacated.

1  as mooted.  It may, however, proceed with the motion if the amendment

2  does not cure the defect.").

3          Plaintiff's amended complaint alleges that defendants

4  wrongfully convicted and imprisoned plaintiff in violation of his

5  constitutional rights.  However, the court has determined that the

6  amended complaint does not contain a short and plain statement as

7  required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules

8  adopt a flexible pleading policy, a complaint must give fair notice

9  and state the elements of the claim plainly and succinctly.  Jones v.

10  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

11  Plaintiff must allege with at least some degree of particularity

12  overt acts which defendants engaged in that support plaintiff's

13  claim.  Id.

14          The amended complaint, consisting of eight typed pages and

15  setting forth fifteen "counts," fails to meet these requirements.

16  Each of the fifteen counts is supported by only one or two sentences

17  of conclusory allegations.  For example, Count Six alleges: "Hagwood

18  and Kaufman violated Robinson's right to be secure against

19  unreasonable search and seizure." (Am. Compl. at 6.)  Count Seven

20  alleges: "Hagwood, Kaufman, Pangman, Olney, Reichle, Cunan, McGowan,

21  and Prouty violated Robinson's right to due process." (Id.)  Thus,

22  the precise nature of plaintiff's intended claims are unclear.  As

23  such, the court finds that the amended complaint's allegations do not

24  amount to a short plain statement of a claim showing that plaintiff

25  /////

26  /////

is entitled to relief or set forth any factual allegations giving

rise to federal jurisdiction.[4]   See Fed. R. Civ. P. 8(a)(1), (2).

The court recognizes that the amended complaint makes

reference to 42 U.S.C. § 1983 and various constitutional rights.

However, the amended complaint does not allege how the conduct

complained of has resulted in a deprivation of a right, privilege or

immunity secured by the Constitution or federal law by a person

acting under color of state law.  L.W. v. Grubbs, 974 F.2d 119, 120

(9th Cir. 1992); Lopez v. Dept. of Health Serv., 939 F.2d 881, 883

(9th Cir. 1991).  The Civil Rights Act provides as follows:

> Every person who, under color of [state law] ...
> subjects, or causes to be subjected, any citizen
> of the United States ... to the deprivation of
> any rights, privileges, or immunities secured by
> the Constitution ... shall be liable to the party
> injured in an action at law, suit in equity, or
> other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual

connection or link between the actions of the defendants and the

deprivation alleged to have been suffered by plaintiff.  See Monell

v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode,

423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation

of a constitutional right, within the meaning of § 1983, if he does

---

[4]   Plaintiff asserted at the hearing on defendants' motion that
the nature of his claims are explicated in his declaration which was
submitted in connection with his opposition to the motion.  However,
that declaration is not attached to the amended complaint.  Cf. Parks
School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.
1995)(stating court may consider documents attached to complaint in
evaluating motion to dismiss).  Moreover, even if that declaration
were attached, it would not save the amended complaint.  The 24-page,
593-paragraph declaration does not amount to a short and plain
statement of a claim.

1  an affirmative act, participates in another's affirmative acts or

2  omits to perform an act which he is legally required to do that

3  causes the deprivation of which complaint is made." Johnson v.

4  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5       Moreover, supervisory personnel such as Plumas County

6  District Attorney James Reichle are generally not liable under § 1983

7  for the actions of their employees under a theory of respondeat

8  superior.[5]  Therefore, when a named defendant holds a supervisory

9  position, the causal link between the defendant and the claimed

10 constitutional violation must be specifically alleged. See Fayle v.

11 Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589

12 F.2d 438, 441 (9th Cir. 1978).  "A supervisor is only liable for

13 constitutional violations of his subordinates if the supervisor

14 participated in or directed the violations, or knew of the violations

15 and failed to act to prevent them." Taylor v. List, 880 F.2d 1040,

16 1045 (9th Cir. 1989)(citing Ybarra v. Reno Thunderbird Mobile Home

17 Village, 723 F.2d 675, 680-81 (9th Cir. 1984)).  Vague and conclusory

18 allegations concerning the involvement of official personnel in civil

19 rights violations are not sufficient.  See Ivey, 673 F.2d at 268.

20      Finally, the amended complaint also fails to sufficiently

21 allege a claim of municipal liability arising from any policy of

22

23       [5]  As discussed at the hearing on the pending motion, to the
24 extent this action concerns the actions of defendant Reichle in
   connection with criminal proceedings held in state court, his alleged
   conduct -- and any similar conduct by his deputies, defendants Cunan
25 and McGowan -- is likely of the kind that would entitle these
   defendants to absolute prosecutorial immunity under § 1983.  See KRL
26 v. Moore, 384 F.3d 1105, 1110-11 (9th Cir. 2004).

1   Plumas County.  See Monell, 436 U.S. at 690-91.  Plaintiff's amended

2   complaint contains no specific allegations regarding any policy or

3   custom of Plumas County resulting in a deprivation of constitutional

4   rights; any decision by an official with final policy-making

5   authority which resulted in a violation of plaintiff's rights; or any

6   such official's ratification of an unconstitutional decision by a

7   subordinate.  See Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th

8   Cir. 1992).

9           Because of these deficiencies, plaintiff's amended

10  complaint must be dismissed.  Nonetheless, the court will grant leave

11  to file a second amended complaint.  If plaintiff chooses to amend

12  the amended complaint, he must set forth the grounds upon which the

13  court's jurisdiction depends.  Moreover, the second amended complaint

14  must include clear and concise factual allegations describing the

15  events which underlie plaintiff's claims.

16          In addition, plaintiff is informed that the court cannot

17  refer to a prior pleading in order to make plaintiff's second amended

18  complaint complete.  Local Rule 15-220 requires that an amended

19  complaint be complete in itself without reference to any prior

20  pleading.  This is because, as a general rule, an amended complaint

21  supersedes the original complaint.  See Loux, 375 F.2d at 57.  Once

22  plaintiff files a second amended complaint, the earlier pleadings no

23  longer serve any function in the case.  Therefore, in a second

24  amended complaint, as in an original complaint, each claim and the

25  involvement of each defendant must be sufficiently alleged.  Any

26  /////

1  amended pleading which fails to provide the necessary factual

2  description will likely be dismissed.

3        Plaintiff is forewarned that the failure to file a second

4  amended complaint which complies with this order will result in a

5  recommendation that this action be dismissed.

6                              **CONCLUSION**

7        Accordingly, IT IS HEREBY ORDERED that:

8        1.  Defendants' motion to dismiss is granted;

9        2.  Plaintiff's amended complaint is dismissed;

10       3.  Plaintiff is granted thirty (30) days from the date of

11  service of this order to file a second amended complaint that

12  complies with the Federal Rules of Civil Procedure and the Local

13  Rules of Practice; the second amended complaint, if any, must bear

14  the docket number assigned this case and must be labeled "Second

15  Amended Complaint."  Plaintiff must file an original and two copies

16  of the second amended complaint; and

17       4.  Plaintiff's motion for leave to file a second amended

18  complaint (Doc. no. 57) is denied as moot and the July 8, 2005,

19  hearing on that motion is vacated.

20  DATED: June 29, 2005.

21

22                              _____
                                DALE A. DROZD

23                              UNITED STATES MAGISTRATE JUDGE

24  DAD:th
    ddad1\orders.prose\robinson1888.mtd.oah

25

26