IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH ROBINSON,                    No.  CIV.S-04-1888 GEB DAD PS

       Plaintiff,

   v.                              <u>FINDINGS AND RECOMMENDATIONS</u>

STATE OF CALIFORNIA, et al.,

       Defendants.

_____/

      This action came before the court on October 14, 2005, for hearing on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative summary judgment, filed on behalf of defendants Plumas County; Greg Hagwood; James Reichle; Jeff Cunan; and Gary McGowan.[1]  Plaintiff, proceeding pro se, appeared telephonically on his own behalf at the hearing on the motion. Kristina M. Hall appeared on behalf of defendants.  For the reasons

_____

   [1]  These are the only remaining defendants in this action. Defendants State of California; Ira Kaufman; William Pangman; Garrett Olney; and Doug Prouty have been dismissed by earlier order of the district court.  (<u>See</u> Order filed January 21, 2005.)

1

explained below, the undersigned will recommend that defendants' motion to dismiss be granted and plaintiff's second amended complaint be dismissed without further leave to amend.[2]

## LEGAL STANDARDS

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint or of any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss for failure to state a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In a case where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)(en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential

---

[2]  As indicated on the record during the hearing, the privilege of appearing telephonically in this matter is revoked as to plaintiff, who is now required to personally appear at any future proceedings.

1  elements of a claim that are not pled.  <u>Pena v. Gardner</u>, 976 F.2d

2  469, 471 (9th Cir. 1992); <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>,

3  673 F.2d 266, 268 (9th Cir. 1982).

4  **ANALYSIS**

5  This action arises from plaintiff Joseph Robinson's

6  conviction, following a jury trial in the Plumas County Municipal and

7  Superior Court, and his imprisonment for possession of marijuana for

8  sale, transporting marijuana and offering to sell, furnish or give

9  away marijuana, all while being armed with a firearm.  In this civil

10  action, plaintiff is challenging those criminal proceedings on a

11  variety of purported constitutional grounds.[3]

12  As a preliminary matter, in his written opposition and at

13  the hearing on the motion, plaintiff voluntarily requested that

14  defendants District Attorney James Reichle and Detective Greg Hagwood

15  be dismissed from this action.  Defendants do not object to

16  plaintiff's request.  Therefore, the court will recommend that

17

18  [3]  The California Court of Appeal for the Third Appellate
    District reversed the judgment of conviction, finding that plaintiff
19  did not waive his right to the assistance of counsel at his
    preliminary examination and was erroneously denied appointed counsel
20  at that preliminary examination.  The undersigned has taken judicial
    notice of the unpublished decision of the Court of Appeal attached to
21  plaintiff's request for judicial notice.  Pursuant to Federal Rule of
    Evidence 201, the court may take judicial notice of its own files and
22  state court records.  <u>See</u> <u>Burbank-Glendale-Pasadena Airport Auth. v.
    City of Burbank</u>, 136 F.3d 1360, 1364 (9th Cir. 1998); <u>United States
23  v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).  "[W]hen a court takes
    judicial notice of another court's opinion, it may do so 'not for the
24  truth of the facts recited therein, but for the existence of the
    opinion, which is not subject to reasonable dispute over its
25  authenticity.'"  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th
    Cir. 2001)(quoting <u>Southern Cross Overseas Agencies, Inc. v. Wah
26  Kwong Shipping Group Ltd.</u>, 181 F.3d 410, 426-27 (3rd Cir. 1999)).

defendants Reichle and Hagwood be dismissed from this action pursuant to plaintiff's voluntary request.  See Fed. R. Civ. P. 41(a)(2).

The remaining defendants are Plumas County and deputy district attorneys Jeff Cunan and Gary McGowan.  Plaintiff's second amended complaint continues to allege that defendants wrongfully convicted and imprisoned plaintiff in violation of his constitutional rights.  However, as was the case with plaintiff's amended complaint, it appears that the second amended complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).  As plaintiff has been advised previously, while the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff is required to allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

The second amended complaint, consisting of six "counts," fails to meet these requirements.  The first and second counts are for "Conspiracy to Wrongfully Convict and Imprison Plaintiff" and "Wrongful Conviction and Imprisonment," respectively.  The third and fourth counts are for "Conspiracy to Violate Plaintiff's Right to be Free From Unreasonable Search and Seizure" and "Violation of Plaintiff's Right to be Secure Against Unreasonable Search and Seizure," respectively.  The fifth and sixth counts are for "Conspiracy to Violate Plaintiff's Right to the Assistance of Counsel" and "Violation of Plaintiff's Right to the Assistance of

counsel," respectively.  However, the allegations under those headings are conclusory and sprinkled with references to the denial of "reasonable bail," the denial of the right "to present a defense to the jury at trial," violations of "due process rights," and so on. Thus, just like plaintiff's earlier pleadings, the precise nature of the attempted claims in the second amended complaint is unclear.  As such, the second amended complaint's allegations do not amount to a short plain statement of a claim showing that plaintiff is entitled to relief.  See Fed. R. Civ. P. 8(a)(1).

The attachment of the 23-page, 611-paragraph "statement of facts" to plaintiff's second amended complaint does not impact the undersigned's analysis in this regard.  That statement is not "short and plain."  The order dismissing the amended complaint with leave to amend expressly admonished plaintiff that a similar 24-page, 593-paragraph declaration did not amount to a short and plain statement of a claim.  Further, like the rest of the second amended complaint, the attached statement of facts confusingly contains numerous allegations regarding defendants whom were long ago dismissed from this case.

Even if the second amended complaint were found to comply with the requirements of Rule 8, it also clearly fails to state a cognizable claim.  While the second amended complaint makes reference to 42 U.S.C. § 1983 (Second Am. Compl. at 2), like the amended complaint it still does not allege how the conduct complained of has resulted in a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of

state law.  L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992); Lopez

v. Dept. of Health Serv., 939 F.2d 881, 883 (9th Cir. 1991).  (See

Order filed June 30, 2005, at 5-6.)  Additionally, as discussed at

the hearing on the motion, the conduct attributed to defendants Cunan

and McGowan by plaintiff occurred entirely in the course of their

appearances as the prosecutors assigned to plaintiff's case in the

state court criminal proceedings.  The fact that the state trial

court erred as a matter of state law by allowing the prosecutors to

participate in hearings with respect to the appointment of counsel,

thereby prohibiting plaintiff from presenting a confidential

financial statement at those hearings, does not effect that

conclusion.  Regardless of the state trial court's errors, the

prosecutors were performing functions "intimately associated with the

judicial phase of a criminal proceeding."  Imbler v. Pachtman, 424

U.S. 409, 430 (1976).  A prosecutor is entitled to absolute immunity

from a civil action for damages under § 1983 in connection with such

conduct.  See Burns v. Reed, 500 U.S. 478, 486 (1991); Imbler, 424

U.S. at 431; KRL v. Moore, 384 F.3d 1105, 1110-13 (9th Cir. 2004).

Finally, as to defendant Plumas County the second amended

complaint still fails to sufficiently allege a claim of municipal

/////

/////

/////

/////

/////

/////

1  liability arising from any policy of Plumas County.[4]   See Monell v.

2  Department of Social Servs., 436 U.S. 658, 690-91 (1978); Gillette v.

3  Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).  In this regard,

4  plaintiff has again failed to even allege in conclusory fashion that

5  the injury complained of was the consequence "of a government's

6  policy or custom, whether made by its lawmakers or by those whose

7  edicts or acts may fairly be said to represent official policy ...."

8  Monell, 436 U.S. at 694.  Each of these deficiencies also existed in

9  the amended complaint and plaintiff has been unable to correct them.

10      The undersigned also recognizes that the second amended

11  complaint makes reference to 42 U.S.C. § 1985(3).  (See Second Am.

12  Compl. at 2.)  However, plaintiff has failed to allege specific facts

13  from which a conspiracy between defendants could be inferred.  See

14  Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929-30 (9th Cir.

15  2004); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989).

16  Additionally, plaintiff's failure to allege a § 1983 deprivation of

17  rights precludes a § 1985 conspiracy claim predicated on the same

18  allegations.  See Olsen, 363 F.3d at 930; Caldeira v. County of

19  /////

---

21      [4]  Further, it would appear that to the extent plaintiff is
attempting to state a Monell claim against the County of Plumas, it
22  is based solely on the actions of District Attorney Reichle.
However, in electing to prosecute a district attorney in California
23  acts on behalf of the state, not the county. Weiner v. San Diego
County, 210 F.3d 1025, 1031 (9th. Cir. 2000) ("We conclude that a
24  California district attorney is a state officer when deciding whether
to prosecute an individual."); see also Pitts v. County of Kern, 17
25  Cal. 4th 340 (1998).  State officials are not subject to suit under
§ 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71
26  (1989).  Accordingly, the County of Plumas is not subject to
liability under § 1983 for the actions of District Attorney Reichle.

1  <u>Kauai</u>, 866 F.2d 1175, 1182 (9th Cir. 1989).  The second amended

2  complaint must be dismissed for these reasons as well.

3  　　　　Because of these deficiencies, plaintiff's second amended

4  complaint must be dismissed.  Granting leave to amend would be futile

5  in light of the nature of the deficiencies noted above.  <u>See</u> <u>Schmier</u>

6  <u>v. United States Court of Appeals for the Ninth Circuit</u>, 279 F.3d

7  817, 824 (9th Cir. 2002).  Therefore, the undersigned will recommend

8  that the second amended complaint be dismissed without further leave

9  to amend.

10  　　　　　　　　　　　　　　**CONCLUSION**

11  　　　　Accordingly, IT IS HEREBY RECOMMENDED that:

12  　　　　1.  Defendants Reichle and Hagwood be dismissed from this

13  action pursuant to plaintiff's voluntary request.  <u>See</u> Fed. R. Civ.

14  P. 41(a)(2);

15  　　　　2.  The pending motion to dismiss pursuant to Rule 12(b)(6)

16  be granted as to defendants Plumas County, Jeff Cunan and Gary

17  McGowan; and

18  　　　　3.  Plaintiff's second amended complaint be dismissed

19  without further leave to amend.

20  　　　　These findings and recommendations are submitted to the

21  United States District Judge assigned to the case, pursuant to the

22  provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after

23  being served with these findings and recommendations, any party may

24  file written objections with the court and serve a copy on all

25  parties.  Such a document should be captioned "Objections to

26  Magistrate Judge's Findings and Recommendations."  The parties are

advised that failure to file objections within the specified time may
waive the right to appeal the District Court's order.   See <u>Martinez</u>
<u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 21, 2005.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.prose\robinson1888.mtd.f&r